STATE of Maine

v.

Robert LAVOIE.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1988.
Decided Dec. 2, 1988.

Paul Aranson, Dist. Atty., Beth Ahearn (orally), Asst. Dist. Atty., Portland, for plaintiff.

James Bushell (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Robert Lavoie, appeals from the judgment of the Superior Court (Cumberland County, *Lipez, J.*) entered on a jury verdict finding Lavoie guilty of robbery in violation of 17–A M.R.S.A. § 651 (1983). Lavoie's primary contention is that because M.R.Evid. 410 barred its use, the trial court erred in not granting Lavoie's motion to suppress his written confession from evidence in his trial for robbery. We hold the trial court properly denied Lavoie's motion and affirm the judgment.

From the evidence at the hearing on the motion to suppress, the trial court could have found the following facts: Lavoie and his co-defendant Ronald Jordan were arrested for robbery. While both were incarcerated, Lavoie was visited by Detective Russo, the investigating officer, on three occasions. On the first occasion, after Russo gave the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Lavoie refused to talk to him, and the interview was terminated. On the second occasion Russo accompanied Detective Chase who wished to interview Lavoie concerning a separate alleged robbery. Chase gave Lavoie the *Miranda* warnings. After Chase finished questioning Lavoie, Lavoie initiated a discussion with Russo concerning the instant robbery charges being investigated by Russo. In response to Lavoie's inquiry whether Russo would release Lavoie's co-defendant Jordan if Lavoie told Russo about the robbery being investigated by the detective, Russo advised Lavoie he was "unable to do that." Detective Russo and Chase again visited Lavoie after he had been formally charged with the instant robbery. Russo again read the *Miranda* warnings to Lavoie, who responded that he understood them and that he wished to speak to the detectives without a lawyer being present. At that time Lavoie remarked to Russo that "Jordan should get a break because he has a wife and kids." Russo responded that he "had no control of making any deals with or promise with [Lavoie] about [Lavoie] or Mr. Jordan or anybody else involved." During this interview, Lavoie dictated and signed a confession to the charges. Lavoie denied he signed the confession but admitted the signature on the confession was in his handwriting.

The trial court found that prior to any questioning of Lavoie he had been given *Miranda* warnings on each of the three visits by Russo, and Lavoie had knowingly and voluntarily waived his right to counsel; that beyond a reasonable doubt the confession was voluntary; and that Lavoie "did have a subjective expectation that he was negotiating some kind of a plea," but such an expectation was not reasonable because Russo had not said or done anything to

generate such an expectation. Accordingly, the trial court denied Lavoie's motion to suppress the confession.

We disagree with Lavoie's contention that his confession was inadmissible as evidence at his trial under M.R.Evid. 410, and therefore the trial court erred in not granting his motion to suppress it. M.R.Evid. 410 provides:

> Except as otherwise provided, evidence of a plea, later withdrawn, of guilty or nolo contendere, or of an offer so to plead to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer.

In *State v. Little*, 527 A.2d 754, 756 (Me.1987), we stated: "Whether a statement ought to be excluded under Rule 410 depends on whether the discussion in which the statement was uttered may properly be characterized as a plea negotiation. This is a question of fact and turns on the circumstances of each case." We directed the trial court in its careful examination of the totality of the circumstances in each case to employ the two-tier analysis formulated in *United States v. Robertson*, 582 F.2d 1356, 1366 (5th Cir.1978), in determining whether a discussion should be characterized as a plea negotiation. *State v. Little*, 527 A.2d at 756. Under the two-tier approach the trial court determines, based on the totality of circumstances, whether the accused had a subjective expectation to negotiate a plea at the time of the discussion and whether the accused's expectation was objectively reasonable. *Id.* In the instant case, because neither party challenges the trial court's use of this analysis in its determination whether Rule 410 required exclusion of Lavoie's confession, we do not express any opinion as to whether in the circumstances of this case such analysis was necessary. Instead, we review the findings of the trial court to determine if those findings are clearly erroneous. *Id.*

This record discloses that on Detective Russo's second contact with Lavoie and in response to Lavoie's inquiry, Russo told Lavoie he was unable to release Lavoie's co-defendant Jordan. During the third contact, when Lavoie dictated and signed his written confession, he made no further request of Russo concerning Jordan's release. When Lavoie remarked that Jordan should "get a break," Russo again stated he did not have any authority to make any deals or promises with anyone connected with the robbery. Indeed, Lavoie testified that he knew from experience with the criminal justice system how the system worked and that it was the district attorney who had the authority "to drop, or ... reduce charges." Given these objective circumstances, the trial court properly determined that Lavoie's subjective expectation that he was negotiating "some kind of plea" was not reasonable.

We find no merit in Lavoie's further contention that Russo's actions induced Lavoie's waiver of counsel and confession.

The entry is:

Judgment affirmed.

All concurring.