SHIRLEY S. ABRAHAMSON, C.J.
¶ 43. (concurring.) I would read the Wisconsin rule regarding the *850 admissibility of defendant statements made in connection with plea bargaining[1] the same as the federal rule[2] rather than continue to split hairs over the distinction between Wisconsin's "offer" rule and the federal "discussions" rule. In my view, once plea negotiations have started, all statements made in connection with the negotiations should be excluded at trial, even if the negotiations break down.[3]
¶ 44. Other states with similar textual discrepancies between the federal and state rule have adopted the federal test.[4] I espouse a similar approach.
¶ 45. For the foregoing reasons, I write separately.

 Wis. Stat. § 904.10.

 Fed. R. Evid. 410.

 See United States v. Olson, 450 F.3d 655, 681 (7th Cir. 2006) ("Statements made in the course of plea discussions with a prosecutor generally are inadmissible under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.").

 See, e.g., People v. Tanner, 45 Cal. App. 3d 345, 351-52 (4th Dist. 1975) (construing the evidentiary rule to cover "admissions made in the course of bona fide plea bargaining negotiations" despite limited statutory text); State v. Lavoie, 551 A.2d 106, 108 (Me. 1988) ("Whether a statement ought to be excluded under [Maine Rule of Evidence] 410 depends on whether the discussion in which the statement was uttered may properly be characterized as a plea negotiation.") (quoting State v. Little, 527 A.2d 754, 756 (Me. 1987)).